FILED

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

99 NOV 24 PM 2: 02

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

NOV 24 1999

| | |
|---|---|
| SOUTHERN NATURAL GAS COMPANY ) | |
| ) | |
| Plaintiff, ) | |
| ) | CV 97-L-2354-S |
| vs. ) | |
| ) | |
| 1.046 ACRES OF LAND LOCATED IN CULLMAN COUNTY, ALABAMA; ROLAND L. CALVERT; VONDA R. CALVERT, et al., ) ) ) ) | |
| Defendants. ) | |

RE: Cullman County Tract No. 63

## MEMORANDUM OPINION

I. Introduction

Currently pending before this court is an objection to the Report of Commissioners filed by defendants, Roland L. Calvert and Vonda R. Calvert. Under Rule 53(e)(2) of the Federal Rules of Civil Procedure, "the court after hearing may adopt the report or may modify it or may reject it in whole or in part." Likewise, the court's review of the Report of Commissioners is only for clear error. The following paragraphs contain the issues that were discussed in oral argument, the party's objections to the Report of

16

Commissioners, as well as the court's findings and final judgment.

II. <u>Discussion and Findings</u>

    A. Damages Awarded for the Permanent Easement

The Commissioners awarded $10,500 for the permanent pipeline easement. Defendants object generally to the values awarded based on the unique location of the property. Defendants point to the fact that the land is located along Highway 69 and assert that this makes the property more valuable. This court finds that the Commissioners' award adequately reflects the location of the land and the effect on the values. Therefore, the court approves and adopts the Commissioners' finding as that of this court.

    B. Amount Awarded for Temporary Easement

The Commissioners recommended that $1,734 was appropriate compensation for the temporary construction easement. For the reasons discussed above, the Commissioners' findings are approved and adopted as the findings of the court.

    C. Damage to the Remaining Property

The Commissioners recommended that landowners be awarded no compensation for damage caused by the pipeline outside of the permanent easement. Defendants object to this award claiming that the Commissioners failed to adequately compensate the defendant for damages to the remaining property. However, for remainder damages

to be an appropriate element of just compensation, the landowner, through credible evidence, must: (1) establish a probable use of the remaining property in the reasonably near future; and (2) establish that the presence of the pipeline will adversely impact such use. The landowners have failed to meet this burden, and as such, the court finds that the amount to be awarded for damages to the remaining property should be zero dollars ($0).

    C. Amount Awarded for Timber Damage

The Commissioners recommended that damage to the timber in this easement amounted to $3,000. The Commissioners' findings are approved and adopted as the findings of the Court.

III. Conclusion

The Commissioners have recommended an award to the owners of the property in the above-described easement in the amount of $15,234. Having concluded that no element of the Commissioners' award is clearly erroneous, the court approves and adopts the Report of Commissioners in whole. In view of the foregoing discussion, a separate judgment will be entered in the amount of $15,234 as just compensation in favor of defendant.

DONE this 24th day of November 1999.

                                              /s/ Seybourn H. Lynne
                                                 SENIOR JUDGE